IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00852-BNB

KENNY BROOKS,

    Plaintiff,

v.

JOE ORTIZ, Director of Dept. of Corrections, E.T.A.L. [sic],
ROBERT HOOD, Director of Cheyenne Mountain Re-Entry Center,
    State of Colorado, E.T.A.L. [sic],
C.M.R.C.'S MEDICAL DIRECTOR, of Medical Department, and
    STAFF, E.T.A.L. [sic],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 19 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Kenny Brooks is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. He filed *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993), and 28 U.S.C. § 1391 (1993 & Supp. 2006), alleging that he has been subjected to deliberate indifference to serious medical needs under the Eighth Amendment to the United States Constitution.

The Court must construe the complaint liberally because Mr. Brooks is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brooks will be ordered to file an amended complaint and to show cause why the

amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Mr. Brooks asserts two Eighth Amendment claims of deliberate indifference to his serious medical needs. As his first claim, he asserts that on January 19, 2006, while he was working in the kitchen at the Colorado Correctional Center, he slipped on a wet and soapy floor, fell, and injured his knee. He further asserts that he was rushed to the Denver Reception and Diagnostic Center for X-rays and other medical attention, and that he remained at the reception and diagnostic center for observation and medical treatment until February 13, 2006. He alleges that he was given crutches and Motrin, transferred to the Cheyenne Mountain Re-Entry Center, and failed to receive any further medical care. As his second claim, Mr. Brooks contends that on March 6, 2006, while on crutches, he fell in an elevator and injured his right wrist. He further contends that he received X-rays, Motrin, and an ace bandage for his wrist. Mr. Brooks clearly disagrees with the medical treatment he has received for these two injuries.

Mr. Brooks fails to assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joe

Ortiz, DOC executive director, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it appears that Mr. Brooks has failed to exhaust his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Brooks is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Brooks must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Brooks has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

3

The DOC grievance procedure available to Mr. Brooks and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Therefore, Mr. Brooks will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Brooks is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Brooks should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Brooks file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to

4

exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brooks, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Brooks submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Brooks fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 19, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00852-BNB

Kenny Brooks
Prisoner NO. 51010
2925 E. Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 6/19/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk